UNITED STATES DISTRICT COURT
EAASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA


CIVIL RIGHTS COMPLAINT,
PURSUANT TO 28 U.S.C. SECTION 1331, AND
<u>Bivens v. Six Unknown Named Agents of the
Federal Bureau of Narcotics</u>, 403 US 388 (1971)


| | | |
|---|---|---|
| JAMAAL BLANDING,<br>          PLAINTIFF | ) ) ) ) ) ) ) ) ) | |
| | ) | CASE NO. _____ |
| FEDERAL BUREAU OF PRISONS,<br>          DEFENDANT | ) ) ) ) ) ) | |
| WARDEN, SEAN MARLER, AND<br>THE FEDERAL BUREAU OF PRISONS,<br>          DEFENDANT | ) ) ) ) | **<u>JURY TRIAL DEMANDED</u>** |
| UNKNOWN BOP CORRECTION OFFICERS<br>EMPLOYED BY THE FEDERAL BUREAU OF<br>PRISONS,<br>          DEFENDANT | ) ) ) ) ) | |
| UNKNOWN BUEAU OF PRISONS MEDICAL<br>STAFF<br>          DEFENDANT | ) ) ) ) | |
| CAPTAIN, FCI PHILADELPHIA,<br>          DEFENDANT | ) ) ) | |
| UNKNOWN, NAMED LIEUTENANTS,<br>          DEFENDANT | ) ) ) ) ) | |

1

## PARTIES

1. Plaintiff Jamaal Blanding ("Blanding") is a citizen of the United States of America with all of his inalienable constitutional rights and constitutional rights of prisoners, as he was a prisoner incarcerated at Federal Detention Center (FDC) Philadelphia, a United States federal penal institution in Philadelphia, PA, at all times relevant to this civil complaint.

2. Defendant, Warden Sean Marler, ("Marler") is the Warden of FDC Philadelphia, a United States federal penal institution in Philadelphia, PA, is employed by the Federal Bureau of Prisons (BOP), is a citizen of the United States, as far as Plaintiff is aware, and is responsible for enforcing and maintaining the policies, protocols, security, wellbeing of the inmates and assuring that the prisoners constitutional rights are not violated, and to ensure the implement of all emergency health and safety measures set forth by the federal government under pandemic circumstances, at all times relevant to this civil rights complaint.

3. Defendant, Federal Bureau of Prisons (BOP) is a an agency of the United States federal government, located in Philadelphia, PA within the United States of America, and is responsible for setting policies and protocols and security measures to ensure that the prisoner's wellbeing housed in their facilities are secured via policies and protocols enacted and codified by the BOP and that their employees are properly trained to ensure that these policies and codified regulations are implemented and carried out to ensure the safety of the persons housed in their facilities, at all times relevant to this civil complaint.  And responsible to ensure the implement of health and safety measures set forth by the federal government under pandemic circumstances, at all times relevant to this civil rights complaint.

4. FDC Unknown BOP Officers, (i.e. Counselors, Case Managers and Unit Officers) at FDC Philadelphia, are citizens of the United States, as far as Plaintiff is aware, are responsible for the

2

security and care of the inmates confined in their Unit and responsible for carrying out the policies, protocols and the training to implement these policies and protocols, and to implement all health and safety measures set forth by the federal government under pandemic circumstances, at all times relevant to this civil complaint.

5. Medical staff Officers at federal facility FDC Philadelphia, are citizens of the United States, as far as Plaintiff is aware, and are responsible for the physical health and wellbeing of the inmates house in the FC Philadelphia facility, and responsible for following the health policies and protocols of the BOP under normal and emergency circumstances, and under their personal individual Hippocratic oath taken, in conjunction with giving appropriate recommendations and mandates based on the medical conditions of a prisoner and the conditions of the given facility that may aggravate that condition to malignant of the possibility of death and to follow all government imposed recommendations during a pandemic, at all times relevant to this civil rights complaint.

6. Defendant Captain, FDC Philadelphia, is a citizen of the United States of America, as far as Plaintiff is aware, is responsible to ensure that all of the BOP staff working within the FDC Philadelphia institution follow the policies and protocols set by the Institution and the BOP, and to implement all safety and health revisions implemented by the federal government during pandemic circumstances, at all times relevant to this civil complaint.

7. Defendant, Lieutenants, are citizens of the United States of America, as far as Plaintiff is aware, and are responsible to ensure that, on their shift, the Officers and other BOP staff follow the policies, protocols as set by the BOP and the institution, and implement the health and safety measures instituted by at all times relevant to this civil complaint.

3

## JURISDICTION

8. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343((3) & (4), 42 U.S.C. Section 1983 and Bivens v. Six Unknown Named Agents of the Federal Narcotics Bureau, 403 US 388 (1971).

## STATEMENT OF FACTS

9. Blanding was arrested and charged with conspiracy to possess with intent to distribute narcotics by federal authorities, pursuant to 21 U.S.C. Section 846 and 841(b)(1)(A). As a result of this arrest, which occurred in the Eastern District of Pennsylvania, Blanding was sent to FDC Philadelphia in October, 2018, to be housed while awaiting trial.

10. At FDC inmates are placed in housing units according to their custody status, trial status and several other factors that are protocol to guarantee the safety of the inmates and security of the facility. While housed in FDC Philadelphia, Blanding was placed in general population and spent the majority of his time, to date, in Unit 5 North. The housing units consisted of 2 man cells that are locked at counts and after 9:00 pm.

11. In or about March, 2020 the COVID-19 pandemic began raging in the United States and around the world and the death rates were unseen in over 100 years. At that time cities around the United States began closing all "nonessential" businesses and shut the cities down. The BOP had yet to institute any safety protocols to ensure safety in its institutions.

12. In or about March, 2020 the Center for Disease Control (CDC) set standards for penal institutions to follow to prevent massive spreading of this deadly disease. These standards were put in 3 separate categories (i.e. "Prepare, Prevent and Manage").

4

13. "Prepare" included the categories of "Communications, Personnel Practices, Operations and supplies.

14. "Prevent" included the categories of "Hygiene, Cleaning, Screening for Symptoms and social distancing."

15. "Manage" included the categories of Medical isolation, Quarantine, Infection control and clinical care. Each of these 3 Categories have a long list of specific details that must be implemented and followed. This Chart will be presented at trial.

16. In FDC Philadelphia, compliance with these CDC standards were either ignored completely, or significantly compromised. As a result, the BOP statistics for contraction of the virus and resulting deaths escalated dramatically. Specifically, in Unit 4 North at least 26 and as many as 83 inmates tested positive for COVID-19. At least 176 inmates in the FDC Philadelphia facility tested positive for COVID-19.

17. Unit 3 North then became the quarantine unit. Each Unit houses approximately 100 inmates but there were at least 120 inmates in 3 North during the quarantine period.

18. Unit 5 North, where Blanding is housed, contained approximately 100 inmates during the Coronavirus outbreak all in 2-man cells (8 x 10 cell) thus no "social distancing" was available. There was no separation to one-man cells to allow for social distancing. The meals were eaten in the cells by the inmates and only "modified movement" was permitted.

19. Testing in the facility, as well as upgraded sanitizing, was meager. It was unknown whether inmates were positive for the virus and whether the virus was spreading from symptomatic or asymptomatic inmates and staff.

20. In FDC Philadelphia, there was no social distancing applied that was compliant with the CDC's recommendation. There was no heightened elevation of cleaning standards compliant with the CDC's recommendations under pandemic circumstances.

5

21. On or about November 6, 2020 the institution went on complete "lockdown" and quarantined all units. Finally, the testing began but only 2 tests have been given to Blanding and the other inmates to date (i.e. December 10, 2020). The first was a temperature test and the second was a swab test. No results of these 2 tests were provided to Blanding or other inmates, as far as Blanding is aware. However, the virus continues to spread with additional infected inmates and staff.

22. On December 4, 2020 the FDC Philadelphia went back on modified lockdown. The institution issued masks but no sanitizer. Sanitizer is sold on the commissary and must be purchased by the inmates in order to maintain CDC guidelines of constant hand sanitizing.

23. It is unknown how many deaths in FDC Philadelphia have resulted from the lack of implementing CDC standards for prisons. It is unknown at this time whether the lingering effects of being positive for COVID-19 will create life threatening issues or even cause permanent damage to the body.

24. Blanding has spent a significant time in FDC Philadelphia (i.e. since October, 2018) and has spent the entire COVID-19 pandemic period in the institution.

## COUNT ONE
## DELIBERATE INDIFFERENCE

22. The Federal Bureau of Prisons (BOP), by and through its Director, violated Blanding constitutional rights, by acting with deliberate indifference to his medical needs by maintaining unconstitutional policies, customs and procedures that were upgraded by the CDC and the due to the nationwide emergency of the COVID-19 pandemic.

(a) This failure to use the policies, regulations and CDC guidelines implemented specifically for the

safety and well-being of the inmates housed in FDC Philadelphia, violated Plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution against cruel and unusual punishment.

(b) The failure of the Warden of FDC Philadelphia, the medical staff, unit offices, captain, lieutenants, case managers and counselors (i.e. defendants) to implement the CDC policies designed specifically to ensure the safety and well-being of the inmates and limit the spread of the COVID-19 virus, also violated Plaintiff's, constitutional right against cruel and unusual punishment guaranteed by the Eighth Amendment of the United States Constitution.

(c) Same defendant's listed in section (b) failed to properly identify risks posed to the inmates under the pandemic guidelines set forth by the CDC for prisons, which endangered Plaintiff's rights to be free from medical harm and the known potential for medical harm, the potential for life altering medical complications, and ultimately death by their negligence in imposing new protocols or to follow set protocols and regulations that would guarantee or reduce the risks of contraction of COVID-19, reduce the risk of spreading via symptomatic or asymptomatic carriers, reduce the risk of permanent and ongoing medical complications and possible death, and their negligence violated Plaintiff's constitutional rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

## COUNT TWO
## FAILURE TO PROVIDE REASONABLE MEDICAL TREATMENT

23. Defendants, as listed in paragraphs 2 through 7, violated Plaintiff's constitutional rights, acting with deliberate indifference and maintaining unconstitutional policies customs and procedures. Specifically, Plaintiff claims that the Warden of FDC Philadelphia maintained unconstitutional

policies, customs and procedures that [he] failed to adequately staff, maintained inadequate video monitoring systems and cell checks, maintained inadequate inventory procedures which failed to properly identify at risk inmates and failed to train officers to identify and/or monitor at risk inmates for COVID-19 (i.e. Coronavirus) during the pandemic, all of which amounts to deliberate indifference to the known risk of guarantee safety to all inmates.

(a) the Defendants Medical Staff at FDC Philadelphia failed to act in accordance with their Hippocratic oath to ensure the safety of Plaintiff during the COVID-19 pandemic by not demanding policies that would comport with the standards set by the CDC for prisons, which would ensure the safety of Plaintiff and reduce his chances of contraction of Coronavirus and the lasting affects to his life expectancy that the virus could cause, In violation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution.

### COUNT THREE
### CONSPIRACY TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

24. The Federal Bureau of Prisons, by and through its Director, whose duty it is to enforce Regulations, Policies, and protocols that protect the constitutional rights of prisoners, and its employees, Defendants, listed above in paragraphs 2 through 7, conspired to avoid Plaintiff from receiving the proper medical attention during the COVID-19 pandemic by failing to provide the adequate sanitizing, testing, contract tracing, social distancing and all of the other policies demanded by the CDC which would avoid contraction and the spread of the virus and contain the virus when discovered, all in violation of Plaintiff's constitutional rights to substantive and procedural due process, and his rights to proper medical care under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

8

## REQUEST FOR RELIEF

25. Plaintiff request that this Honorable Court Grant the following relief:

(A) Award Plaintiff Compensatory Damages in the following amounts:

1. $1,000,000 (One Million Dollars, in U.S. Currency) jointly and severally against the Federal Bureau of Prisons.

(B) Award Compensatory Damages to Plaintiff in the following amounts:

$500,000 (Five Hundred Dollars, in U.S. Currency) jointly and severally against each member of the Medical Department at FDC Philadelphia that failed in their duties to protect Plaintiff by failing to follow and implement the CDC Guidelines for prisons.

(C) Award Punitive Damages to Plaintiff in the amount to be determined by the Jury.

(D) Termination of employment of ever being able to work in a position whereby they would have the opportunity to violate the constitutional rights of any United States citizen, of any and all Defendants listed in paragraphs 2 through 7 found guilty of violating any of the constitutional rights of Plaintiff listed in the paragraphs above.

(E) Any and all relief that the Court deems fair, just and proper.

9

## DECLARATION UNDER THE PENALTY OF PERJURY

The undersigned, under the penalty of perjury, declares that the foregoing information contained in

this Civil Rights Complaint is true and correct to the best of my knowledge and recollection and I make

this declaration with the understanding of the penalty of perjury, pursuant to 28 U.S.C. Section 1746.

Jamaal Blanding, pro se
#76810-066
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19106

Dated 2/16/21

10

Second Chance 4 R.E.A.L.
Tommy Walker
*Certified Paralegal*
Ph: (716) 348-9861
2ndChance4r.e.a.l@gmail.com
P.O. Box 514 • Buffalo, NY 14215-0514

U.S.M.
X-RAY

Clerk of the Court
Eastern District Pennsylvania
601 Market Street, #2609
Philadelphia, PA 19106

**UNITED STATES POSTAL SERVICE.**    *Retail*

**F**

US POSTAGE PAID

**$4.10**   Origin: 14215
03/03/21
3510090215-04

**FIRST-CLASS PKG SVC - RTL™**

0 Lb 2.30 Oz

**1020**

SHIP
TO:

601 MARKET ST
RM 2609
Philadelphia PA 19106-1732

C019

**USPS TRACKING® #**

9500 1141 2578 1062 3990 72